UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Alina Khimmat                                           :
                 Plaintiff          :       21-02944
v.                                                      :
Weltman, Weinberg and Reis, Co. LPA                     :
                 Defendant         :

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### I. INTRODUCTION

      This is an action for alleged violation of the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 et. seq. Plaintiff's Complaint alleges that Defendant violation the FDCPA by furnishing a letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, account number, alleged balance and other personal information. The Complaint alleges that the furnishing of such information was a communication and that such communication with the letter vendor violated 15 USC 1692c of the FDCPA. The allegations of the Complaint are incorporated by reference.

      This case is patterned after the well publicized case of Hunstein v. Preferred Collection and Management Services, Inc. 11th Circuit Court of Appeals, Docket No. 19-14434, (994 F.3d 1341) (2021). See copy of the order and opinion in that case attached. It should be noted that the 11th Circuit Court of Appeals later vacated the Order and decided to hear the case en banc. See copy of that order attached.

      The FDCPA is clear. There can be no communication with any party other than the consumer, his attorney, a credit reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector in connection with the collection of any debt. The Third Circuit has

repeatedly held that as "remedial legislation, the FDCPA must be broadly construed in order to give full effect. . . ." Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142, 148 (3d Cir. 2013). The Court must remember that the overarching purpose of the FDCPA is to protect the consumer, not the business practices of the debt collector.

For the reasons below, Plaintiff opposes Defendant's Motion for Judgment on the Pleadings and respectfully requests this Court to deny Defendant's Motion in its entirety. The brief relies heavily on a similar brief filed by the Plaintiff in Feist v. Arcadia Recovery, U.S. District Court for the Eastern District of PA, 21-2015. The brief in that case is attached and the arguments are incorporated by reference.

## II. ARGUMENT

Defendant's motion should be dismissed because it goes directly against the plain language of the statute, which must be given its plain meaning, absent any ambiguity. "Defendant may not ignore mandated sections of the FDCPA simply so that they may engage in a form of communication . . . that they find most effective." Koby v. ARS Nat'l Servs., 2010 U.S. Dist. LEXIS 47205, at*16 (S.D. Cal. Mar. 29, 2010).

### A. Communications as Defined by the FDCPA

Defendant contends that the transmitting of the information about Plaintiff's account to the letter vendor was not a "communication" as defined by the FDCPA, and therefore not subject to 15 USC 1692c of the FDCPA. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15

U.S.C. § 1692a(2). Defendant here conveyed information regarding Plaintiff's debt to a third party, the letter vendor. Thus, the transmittal of information here is a "communication." See Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 657 (S.D.N.Y. 2006). Also see West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998) (contact with neighbor); Thomas v. Consumer Adjustment Co., 579 F. Supp. 2d 1290 (E.D.Mo. 2008) (call to girlfriend was a communication under § 1692c(b)); see also Krapf v. Collectors Training Inst. Of Ill., Inc., 2010 U.S. Dist. LEXIS 13063 (W.D.N.Y. Feb. 15, 2010) (contacting employer about a "business matter" violates § 1692c(b)).

The communication which is the subject matter of this case conveyed information regarding the Plaintiff's alleged debt to a letter vendor. The information conveyed included but was not necessarily limited to Plaintiff's names, address, status as a debtor, account number, alleged balance. The communication was in connection with the collection of a "debt" as defined by the FDCPA.

### B. Article III Standing

Defendant has indicated that the decision in TransUnion, LLC v. Ramirez, 141 S. Ct. 2190 (2021) means that Plaintiff does not have Article III standing under the U.S. Constitution. On the contrary. The decision in TransUnion, LLC v. Ramirez supports the conclusion that Plaintiff has standing, not undermines it. The TransUnion, LLC v. Ramirez case is helpful not harmful to Plaintiff's case.

To have standing to sue under Article III, a plaintiff must have suffered a concrete and particularized harm. Only those plaintiffs who have been concretely harmed by a defendant's

statutory violation may sue that private defendant over that violation in federal court." To determine whether the alleged harm is "concrete" for purposes of Article III, courts must "assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." Courts must inquire as to "whether plaintiffs have identified a close historical or common-law analogue for their asserted injury," though "an exact duplicate in American history and tradition" is not required. See Justice Brett Kavanaugh's opinion in TransUnion, LLC v. Ramirez, 141 S. Ct. 2190.

The alleged violation in this case is unauthorized disclosure to a letter vendor, in violation of 15 USC 1692c. This Congressionally created civil tort action parallels the common law tort o invasion of privacy. The provision of 15 USC 1692c are akin to the common law tort of invasion of privacy which has long been recognized according to American jurisprudence. Therefore the unauthorized disclosure is a concrete injury. See Dannunzio v. Liberty Mutual Insurance, U.S. District Court for the Eastern District of Pennsylvania, docket number 21-1984.

### C. The Plain Language of the FDCPA

Defendant argues that Plaintiff's claims should be dismissed because the claim "does not promote the purposes of the FDCPA." [ECF 9-1], p. 16. First, this is not grounds for dismissal of a claim, and nowhere is it written that a claim is required to promote the purposes of the statute. A violation of the plain language of the statute is a violation, regardless of whether or not it has an unintended effect. Even so, secondly, the claim and the plain language of the statute do advance the purpose of the statute. Defendant contends that the Court should look to statutory interpretation to derive another meaning from the plain language, but this is uncalled for. "When

[the court] find the terms of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances." Demarest v. Manspeaker, 498 U.S. 184, 190, 112 L. Ed. 2d 608, 111 S. Ct. 599 (1991), superseded by statutory amendment on other grounds, 28 U.S.C. § 1821; see also Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 73 L. Ed. 2dd 973, 102 S. Ct. 3245 (1982) (further inquiry warranted only in rare cases where literal application of statute would produce result "demonstrably at odds with the intentions of its drafters."); Dutton v. Wolpoff & Abramson, 5 F.3d 649 (3d Cir. 1993).

"[I]t is Congress, not a court, that decides what are the best ways to protect the interests at stake." Dutton, 5 F.3d at 654; See also C.I.R. v. Lundy, 516 U.S. 235, 252, 116 S. Ct. 647, 133 L. Ed. 2d 611 (1996) (courts "are bound by the language of the statute as it is written" and "are not at liberty to rewrite [the] statute because [the court] might deem its effects susceptible of improvement." (internal citations omitted)). Here, Congress has decided to prohibit all communications except in three circumstances and to six excepted people. Is that not enough evidence that Congress' prohibiting was not all encompassing, but clearly thought out and determinative of the situations in which a debt collector should communicate? If Congress had wanted to include letter vendors, it could have written that exception into the statute. For instance, as Defendant notes ([ECF 9-1], p. 29), California, Iowa, Maryland, Vermont, and Wisconsin all were capable of composing a statute that excepted letter vendors and other persons deemed to have a "legitimate business need" for the debtor's information. See Cal. Civ. Code § 1788.12(e); Fla. Stat. §559.7(5); Iowa Code § 537.7103(3)(a)(2); Md. Code, Commercial Law, § 14-202; Vt. Code R. 3-2-103:CP 104.3(e); Wis. Stat. § 427.104.

Congress' intent being clear, the statute serves a clear purpose in attempting to protect the debtor from the over-exposure of being known as a debtor. "The purpose of § 1692c is to protect the consumer's privacy and reputation." Bank v. Pentagroup Financial, LLC, 2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9, 2009). Congress further intended to limit "the suffering and anguish often inflicted by independent debt collectors." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). In fact, the statute itself identified the "invasion [] of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a); see also Preston v. Midland Credit Mgmt., 948 F.3d 772, 782 n.21 (7th Cir. 2020) ("In some cases, a strict interpretation of the FDCPA may be necessary to protect consumer privacy and prevent embarrassment to consumers." (citing S. Rep. No. 95-382 at 2-4 (1977))). By excluding all but a few from receiving communications in connection with a debt, the debtor's privacy is protected and the purpose of the FDCPA is fulfilled.

### D. The Colorado Supreme Court Decision

Defendant has cited a Colorado Supreme Court case in furtherance of its defense. The case cited by Defendant from the Supreme Court of Colorado is not persuasive. Even when evaluating state law in diversity jurisdiction cases, "state court decisions are persuasive, but not binding, on the federal court's authority." Hayfield v. Home Depot U.S.A., Inc., 168 F.Supp. 2d 436, 444 (E.D.Pa. 2001). But when evaluating federal law, state court decisions should have even less persuasive authority. Moreover, Defendant cannot convincingly argue that it should take precedence over a decision by the Eleventh Circuit Court of Appeals. Mostly, though, the Court should not find the decision in Flood useful because it adopts the wrong analysis for the FDCPA.

In Flood v. Mercantile Adjustment Bureau, LLC, 176 P.3d 769, 777 (Colo. 2008), the Colorado Supreme Court found that the communication to the letter vendor was "de minimus communication with a third party that cannot reasonably be perceived as a threat to the consumer's privacy or reputation." This decision is contrary to federal law as it improperly limits the plain language of the statute and adds a de minimus exception where none exists in a strict liability statute. To be a violation, according to the court, the communication must "threaten the consumer with the risk of being coerced or embarrassed into paying a debt because the debt collector contacted an employer, family member, friend, or other third party." Id. But the statute itself is silent on this requirement. In fact, the FDCPA is a strict liability statute, and does not require a court to assess how much of a risk a communication is. See Allen v. LaSalle Bank, 629 F.3d 364, 368 (3d Cir. 2011); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010); Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). Similarly, courts have found violations of § 1692c(b) without any analysis of whether the communication to the roommate or girlfriend "embarrassed" the debtor (who may in fact already know about the debt). See Thomas, 579 F. Supp. 2d at 1296. In fact, the federal case Flood relied upon, Pearce v. Rapid Check Collection, Inc., 738 F. Supp. 334, 337 (D.S.D. 1990), also erred because it did not even consider the recipient of the communication (a bank) a "third party." It is also notable that the plaintiff in Pearce did not brief the claim under § 1692c(b).

It is apparent that the Colorado Supreme Court did not "broadly construe [the FDCPA] in order to give full effect," but in fact, decided to adopt a narrower interpretation of the statute than what is written. Caprio, 709 F.3d at 148. However, if implied exceptions were added to the statute, "it would undermine the deterrent effect of strict liability." Allen, 629 F.3d at 368. Allen

is instructive on how to interpret the FDCPA. In Allen, the question was whether § 1692f(1) governs communications to a consumer's attorney. Id. The Third Circuit found that, "[u]nquestionably, the scope of the FDCPA is broad," and defines a communication "expansively." Id. Further, the Circuit noted that the attorney for the defendant conceded that there is nothing in the FDCPA that "explicitly exempts communications to an attorney." Id. Thus, the Circuit concluded that "an otherwise improper communication" cannot "escape FDCPA liability simply because that communication was directed to a consumer's attorney." Id.; see also Yentin v. Michaels, Louis & Assocs., 2011 U.S. Dist. LEXIS 104711, at *43 (E.D.Pa. Sept. 14, 2011) ("where the language (and possibly, the logic) of the FDCPA are silent as to intent, the Act imposes strict liability.").

As such, this de minimus approach is directly contradicted by the Third Circuit (and other federal courts') interpretation of the FDCPA. The FDCPA "must be enforced as written, even when imminently sensible exceptions are proposed in the face of an innocent and/or de minimus violation." Williams v. Javitch, Block & Rathbone, LLP, 480 F. Supp. 2d 1016, 1021 (S.D. Ohio 2007) (citing Frey v. Gangwish, 970 F.2d 1516, 1521 (6th Cir. 1992); see also Fasten v. Zager, 49 F. Supp. 2d 144, 150 (E.D.N.Y. 1999) (applying a de minimus analysis only to damages in FDCPA case); Preston, 948 F.3d at 784 (interpreting § 1692f(8) strictly and rejecting a de minimus type of argument suggesting that a "benign language exception" should be judicially edited into the FDCPA). For this reason, the reasoning in Flood and any other argument Defendant puts forth regarding a de minimus or "no harm no foul" violation must be dismissed. See Thomas v. Youderian, 232 F. sup. 3 656, 675 (D.N.J. 2017) ("But I cannot indulge some 'no harm, no foul' rule").

### E. Agency

Defendant claims that the vendor is an agent, acting on behalf of the debt collector. But Defendant has not established that the vendor has satisfied the agency principles in law. Here, Defendant, who bears the burden, has not offered any proof that the vendor was its agent and has not provided any proof of its control over the letter vendor.

The "central issue [for agency] is control, i.e., whether the parent corporation dominates the activities of the subsidiary." Japan Petroleum Co. (Nigeria) v. Ashland Oil, Inc., 456 F.Supp. 831, 841 (D. Del. 1978). Although the control need not be "total domination," it must be "actual, participatory, and total." Id.; Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988). "In other words, the 'right to control' is a central consideration for any servant/independent contractor analysis." ING Bank, FSB v. Am. Reporting Co., LLC, 843 F.Supp.2d 491, 495 (D.Del. 2012). If the principal "assumes the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract," then there is an agency relationship. Id. "[I]f, however, a worker is not subject to that degree of physical control, but is subject only to the general control and direction by the contractee, [that] worker is terms an independent contractor." Id.

By these terms, the letter vendor is not an agent, but merely an independent contractor contracted by the Defendant to print and mail letters that conform to the form Defendant requests. Defendant has not asserted that it controls the time, manner, and place that the letter vendor prints and mails its letters. Defendant has made no showing at all of the relationship

between itself and the letter vendor. Defendant certainly cannot claim to control the time, manner, or method in which the letter vendor performs its contracts (i.e. printing and mailing letters).

The roommate example explains why a letter vendor is not an agent. Like the letter vendor, where a debt collector asks the roommate to convey information to the debtor, the debt collector does not control the time, manner, or place that such communication is made. While there is no doubt the roommate is acting on behalf of the debt collector, this does not invoke agency principles. This is even the case, where, hypothetically, the debt collector agrees to pay the roommate a fee for conveying information to the debtor, just as the debt collector pays the letter vendor.

Even assuming, arguendo, that there is an agency relationship, there is no exception under the plain language of the statute for third party agents. The only six exceptions are the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, and the attorney of the debt collector. The fact that the statute includes attorneys of the debt collectors is telling, because, by Defendant's own argument, the attorney would be included as an agent of Defendant, acting in its behalf.   As this would make the inclusion of the attorney in the statute excessive and unnecessary, third-party agents cannot be considered exempt from liability under § 1692c. See United States v. Campos-Serrano, 404 U.S. 293, 301 n.14, 92 S. Ct. 471, 30 L. Ed. 2d 457 (1971) (a "statute ought, upon the whole, to be construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (quoting Market Co. v. Hoffman, 101 U.S. 112, 115-16, 25 L. Ed. 782 (1879)).

F.     **The First Amendment**

The FDCPA is written so as to not violate the First Amendment. Commercial. The Constitution accords a lesser protection to commercial speech than to other constitutionally guaranteed expression." The standard is intermediate scrutiny for commercial speech. See Ohralik v. Ohio State Bar Assn., 436 U.S. 447, 457, 98 S. Ct. 1912, 56 L. Ed. 2d 444 (1978)); Greater Phila. Chamber of Commerce v. City of Phila., 949 F.3d 116, 138 (3d Cir. 2020); Greater New Orleans Broad. Ass'n, Inc. v. United States, 527 U.S. 173, 183-84, 119 S. Ct. 1923, 144 L. Ed. 2d 1611 (1999); Rubin v. Coors Brewing co., 514 U.S. 476, 478, 115 S. Ct. 1585, 131 L.Ed. 2d 532 (1995); Vugo, Inc. v. City of New York, 931 F.3d 42, 44 (2d Cir. 2019).

## III. CONCLUSION

For the reasons presented herein, Defendant's motion for Judgment on the Pleadings should be denied. Alternatively, if the Court deems the Complaint insufficient, Plaintiff requests leave to amend the Complaint.

To the extent that this Honorable Court is persuaded by Defendant's arguments concerning Standing under Article III of the U.S. Constitution, then this case should be remanded to the Adams County Court of Common Please where the case originated, rather than be dismissed.

/s/ Vicki Piontek                                    11/22/2021
_____          _____
Vicki Piontek, Esquire                       Date
Attorney for Plaintiff
58 East Front Street
Danville, PA 17821
vicki.piontek@gmail.com
215-290-6444
Fax: 866-408-6735

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alina Khimmat | : | |
| Plaintiff | : | 21-02944 |
| v. | : | |
| Weltman, Weinberg and Reis, Co. LPA | : | |
| Defendant | : | |

## Certificate of Service

I served a true and correct copy of the attached response to the following parties at the following address by email to rperr@kdvlaw.com and ghogan@kdvlaw.com and though the ECF system.


/s/ Vicki Piontek                           11/22/2021
_____      _____
Vicki Piontek, Esquire                   Date of Service
Attorney for Plaintiff
58 East Front Street
Danville, PA 17821
vicki.piontek@gmail.com
215-290-6444
Fax: 866-408-6735